# MINTZ LEVIN

Michael S. Gardener | |

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

October 12, 2010

VIA ELECTRONIC MAIL AND BY HAND

Hon. Raymond J. Dearie
Chief Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **International Brotherhood of Teamsters Local 456 Health and Welfare Trust Fund, et al. v. Quest Diagnostics Incorporated and Nichols Institute Diagnostics, Civil Action No: 10-CV-1692**
**Defendants' Pre-Motion Conference Request**

Dear Chief Judge Dearie:

Defendants Quest Diagnostics Incorporated ("Quest Diagnostics") and Nichols Institute Diagnostics ("NID") respectfully request a pre-motion conference to consider the Motion to Dismiss Plaintiffs' First Amended Class Action Complaint pursuant to FRCP 12 that said Defendants propose to file. The named plaintiffs, two union health and welfare funds, allege that NID manufactured and sold certain defective diagnostic laboratory test kits to clinical laboratories. Plaintiffs purport to bring this action as a class action on behalf of all entities in the U.S. who, for purposes other than resale, purchased, reimbursed and/or paid for the allegedly defective kits. (Am. Compl. ¶¶6, 63-65). The following are the grounds for the Motion:

**All Causes Of Action Against Defendant Quest Diagnostics**

While referring to NID as a "wholly owned subsidiary" of Quest Diagnostics, the amended complaint expressly acknowledges that the entities are two separate corporations. There are no allegations of corporate veil piercing. Thus, in order to state a claim against Quest Diagnostics, plaintiffs must allege facts sufficient to satisfy the standards established in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The amended complaint here fails to allege a single fact indicating that Quest Diagnostics had any role whatsoever in the manufacture or sale of any allegedly defective kits. The only fact alleged regarding Quest Diagnostics appears in paragraph 46, where it is asserted that in 2001 "in conjunction with Quest," NID published an abstract (not alleged to be inaccurate or misleading in any way) in the publication of the Endocrine Society. Beyond that meaningless allegation, the amended complaint is barren of a single factual averment regarding any wrongful acts by Quest Diagnostics. Accordingly, this action must be dismissed pursuant to FRCP 12(b)(6) against said defendant.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Hon. Raymond J. Dearie
October 12, 2010
Page 2

**Dismissal Required Under FRCP 12(b)(1) As Plaintiffs Lack Article III Standing**

A purported class action must be dismissed if the named plaintiffs lack Article III standing. *Schlesinger v. Reservist Committee to Stop the War*, 418 U. S. 208, 209 (1974). In order for a named plaintiff to establish Article III standing, he must "possess the same interest and suffer the same injury shared by all members of the class he represents." *Id.* at 216. This purported class action is brought on behalf of all entities that purchased or paid for the kits, and the relief sought is for damages resulting from their purchase of the kits. (Am. Compl. ¶¶6, 10). Plaintiffs concede that the kits at issue were sold to clinical laboratories. (*Id.* at ¶28). The named plaintiffs are not laboratories. Their members are not laboratories. They do not reimburse laboratories for the purchase of kits. Rather, the named plaintiffs exist to provide health care benefits to union member participants. (*Id.* at ¶¶14, 18). They reimburse members for the cost of lab *tests* provided by laboratories; they do not pay for the acquisition of a kit used by the laboratories in performing the tests, any more than they pay for the acquisition of a scalpel used by the physician in performing a surgical procedure. Accordingly, this action must be dismissed under FRCP 12(b)(1).

**Dismissal Of The RICO Counts**

The First Cause of Action, alleging a violation of 18 U.S.C. §1962(c), must be dismissed pursuant to FRCP 12(b)(6) because a holding company and its subsidiary engaged in their business operations are not regarded as an infiltrator and an infiltrated "enterprise" under RICO. *See, e.g., DISCON, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1063-64 (2d Cir. 1996). Recognizing this fatal deficiency, plaintiffs' amended complaint now alleges that the "enterprise" includes "other as yet unknown marketing and distribution agents." (Compare Am. Compl. at ¶76 with Original Compl. at ¶75). Such generalized pleading utterly fails to satisfy the pleading requirements under RICO. *See, e.g., DISCON*, 93 F.3d at 1064; *Black Radio Network, Inc. v. NYNEX Corp.*, 44 F.Supp.2d 565, 581 and n.6 (S.D.N.Y. 1999). Further, because this RICO allegation is grounded in alleged fraudulent conduct, plaintiffs had the burden of pleading such fraudulent predicate acts with particularity, including the content, date and place of each alleged misrepresentation and the identity of the persons making them. *Mathon v. Feldstein*, 303 F.Supp.2d 317, 323 (E.D.N.Y. 2004). The complaint, even as amended, fails to contain any such particularized allegations. Having failed to adequately allege a RICO violation in the first instance, pleading the same allegations as a RICO "conspiracy" is unavailing, *DISCON*, 93 F.3d at 1064, and therefore the Second Cause of Action under §1962(d) must also be dismissed.

**Statute Of Limitations**

The RICO claims are also barred by the four-year statute of limitations applied to civil RICO actions. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987). This action was commenced on April 15, 2010. Plaintiff admits that all of the kits claimed to be defective were recalled by NID in 2005. (Am. Compl. ¶59). And precisely because there was a public recall, plaintiffs cannot allege a claim of fraudulent concealment, which they fail in any event to plead with the required particularity. *Rafter v. Liddle*, 704 F.Supp.2d 370, 377-78 (S.D.N.Y. 2010). Similarly, the Third Cause of Action for violation of New York General Business Law §§ 349 and 350 must be dismissed as it is barred by the applicable three-year statute of limitations. NYCPLR §214(2); *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F.Supp.2d 439, 452-53 (E.D.N.Y. 2007). Again, the Seventh and Eighth Causes of Action for breach of express and implied warranties are barred by the four-year statute contained in UCC §§2-725(1) and (2), adopted by New York, which statute runs from the date of delivery of the product, even if plaintiff lacks knowledge of breach. *Galletta v. Stryker Corp.*, 283 F.Supp.2d 914, 916 (S.D.N.Y. 2003).

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Hon. Raymond J. Dearie
October 12, 2010
Page 3

### State Law And Common Law Claims

The Third Cause of Action for alleged violation of N.Y. Gen. Bus. Law §349 *et seq.* fails to state a claim because: (i) the alleged sale of defective kits by NID to laboratories results at most in an indirect injury to named plaintiffs, which is not reached by the statute, s*ee, e.g., Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris USA Inc.,* 818 N.E.2d 1140, 1144 (N.Y. 2004); and (ii) the alleged false marketing of the kits to laboratories does not constitute consumer-oriented conduct. *See, e.g., In re Rezulin,* 392 F.Supp.2d 597, 613 (S.D.N.Y. 2005); *Vitolo v. Mentor H/S Inc.,* 426 F.Supp.2d 28, 34 (E.D.N.Y. 2006). Named plaintiffs do not have standing to assert consumer statutes of states where they are not resident. *See, e.g., Gunther v. Capital One, N.A.,* No. 09-2966, 2010 WL 1404122 *9 (E.D.N.Y. April 8, 2010). The fraud and misrepresentation claims (Fourth, Fifth and Sixth Causes of Action) fail because at most plaintiffs allege reliance by the laboratories who purchased the kits, and named plaintiffs cannot base their claims on allegations of third-party reliance. *See, e.g., City of New York v. Smokes-Spirits.com, Inc.,* 541 F.3d 425, 454 (2d Cir. 2008). The breach of warranty claims (Seventh and Eighth Causes of Action) are invalid because under the UCC such claims belong solely to the actual purchaser of the goods. *In re Rezulin,* 392 F.Supp.2d at 608. Finally, the unjust enrichment claim (Ninth Cause of Action) fails because named plaintiffs, in reimbursing members for costs of tests, did not confer any benefit on NID, which sold the kits to laboratories. *See, e.g., Sperry v. Crompton Corp.,* 863 N.E. 2d 1012, 1018 (N.Y. 2007).

### No Subject Matter Jurisdiction

Because the RICO claims fail, there exists no federal question jurisdiction. Plaintiff has the burden of proving jurisdiction under CAFA, *see, e.g., Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005), but he has alleged no facts to indicate that the $5 million threshold is present here, which is especially key given the statute of limitations bar to his damages claims. Finally, as trusts, the citizenship of the plaintiff entities is determined by that of their trustees. *See, e.g., Quantlab Fin. LLC v. Tower Research Capital, LLC,* 2010 WL 2179960 *5-7 (S.D.N.Y. May 28, 2010); *Tuvia Convalescent Center, Inc. v. Nat'l Union of Hosp. & Health Care Employees,* 553 F.Supp. 303, 305 (S.D.N.Y. 1982). Plaintiffs have failed to allege any facts establishing that their trustees are not residents of the Defendants' places of citizenship (New Jersey, Delaware and California), a prerequisite of complete diversity. Accordingly, plaintiffs have failed to meet their burden of establishing subject matter jurisdiction.

Very truly yours,

Michael Gardener

cc: Michael A. London, Esq.
James R. Duggan, Esq.
Gregory Hach, Esq.
Eric L. Young. Esq.
Samuel Issacharoff, Esq.

5042208v.1