# MINTZ LEVIN

Michael S. Gardener

One Financial Center
Boston, MA  02111
617-542-6000
617-542-2241 fax
www.mintz.com

July 18, 2011

VIA ELECTRONIC MAIL (COURTESY COPY BY FIRST CLASS MAIL)

Hon. Roanne L. Mann
Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *International Brotherhood of Teamsters Local 456 Health and Welfare Trust Fund, et al. v. Quest Diagnostics Incorporated and Nichols Institute Diagnostics*, C.A. No: 10-CV-1692
Defendants' Pre-Motion Local Civil Rule 37.3(c) Letter

Dear Magistrate Judge Mann:

Pursuant to the Court's Scheduling Order of December 13, 2010, Defendants Quest Diagnostics Incorporated ("Quest Diagnostics") and Nichols Institute Diagnostics ("NID") have served their Motion to Dismiss Plaintiffs' Amended Complaint and supporting papers. Notwithstanding the pendency of Defendants' motion to dismiss, plaintiffs have served massive merits-based discovery demands upon Defendants. These demands include: (i) *four different* Rule 30(b)(6) deposition notices -- containing *62* different listed subject matters, with numerous sub-parts and demands for documents -- directed to *each* of the defendants; (ii) Rule 34 requests for production of documents; and (iii) Rule 33 interrogatories. Copies of the discovery requests are attached as Exhibit A. For the reasons set forth below, Defendants respectfully seek a protective order staying this enormously burdensome discovery barrage pending resolution of the already served motion to dismiss.

Defendants' motion demonstrates that *on the face of the pleading itself,* plaintiffs' complaint, even after amendment, fails to state any valid claim for relief. The gravamen of the Amended Complaint is that NID caused certain allegedly defective laboratory diagnostic kits to be manufactured and sold. It is asserted that these actions give rise to RICO and various state statutory and common law fraud and warranty claims. However, as the motion to dismiss demonstrates, the RICO claim fails on its face. The Amended Complaint utterly fails to plead either a RICO "enterprise" distinct from the defendant RICO "persons," as required by §1962(c), or the necessary predicate acts. Further, both the RICO and the state law claims fail on statute of limitations grounds. The amended complaint acknowledges on its face that in 2005 all of the kits were in fact recalled as being defective. The pleading further acknowledges that the federal government conducted a criminal investigation regarding the kits, the fact of which investigation was publicly disclosed beginning in 2004 in public filings and by the media. Plaintiffs' failure to bring this action until April 2010 takes it outside the applicable limitations periods. Further, all of the state law claims must fall as on their face they fail to state valid claims under the statutes or common law theories asserted. Finally, all of the claims against defendant Quest Diagnostics fail as a matter of law, as there is *not a single* fact alleged in the Amended Complaint indicating that Quest Diagnostics had any role whatsoever in the manufacture or sale of the kits. Thus, not only did plaintiffs fail to meet their Rule 9(b) obligations, even after amendment they failed to allege *any facts whatsoever* against Quest Diagnostics. A copy of Defendants' memorandum in support of its motion to dismiss is attached as Exhibit B.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Hon. Roanne L. Mann
July 18, 2011
Page 2

Federal district courts have the discretion to stay discovery pending the determination of dispositive motions. In making that determination, courts will consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Thomas v. N.Y. City Dept. of Educ.,* No. 09-CV-5167, 2010 WL 3709923, at *1 (E.D.N.Y. Sept. 14, 2010) (citation omitted). In addition, where the motion challenges the sufficiency of the allegations or attacks them as a matter of law, there exist no counterclaims or cross claims which will necessitate discovery regardless of the outcome of the motion, all of the defendants join in the request for stay, and the litigation is at an early stage, these factors will counsel for a stay. *Id; Hachette Distribution Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Under any of these factors, a stay is warranted here. Defendants' motion to dismiss challenges the sufficiency of the allegations and as a matter of law, is dispositive as to all defendants, and makes a showing for dismissal that is overwhelming. *See, e.g., Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209, 211 (S.D.N.Y. 1991); *Gandler v. Nazarov,* No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. 1994). The stay is sought by all defendants, and no counterclaim or cross claim has been filed. The litigation is at the earliest possible stage. The discovery propounded by plaintiffs is breathtaking in its expansiveness and would be enormously expensive and time-consuming to even attempt to comply with.[1] *See, e.g., Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94 Civ. 2120, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996) (staying discovery in light of plaintiff's "quite extensive" discovery requests involving numerous requests for admission, 14 interrogatories, and 12 document requests, which would be "totally unnecessary" if defendant's motion for judgment on the pleadings is granted). There is no risk of "unfair prejudice" to plaintiffs from a stay. Plaintiffs have been on notice of their claims since 2004. They have had over six years to develop their case. Plaintiffs took no steps to file this action until April 2010. Even then, plaintiffs did not serve Defendants until August 10, 2010. Plaintiffs also waited a full year after commencing the action before serving any discovery, and agreed to extend the deadline for responding to discovery until after they filed their opposition to the motion to dismiss (which makes their arguments in their opposition that they need discovery to file an adequate complaint disingenuous). Finally, on April 13, 2011, plaintiffs sought a more than two month extension to serve their opposition to Defendants' motion to dismiss. Plaintiffs represented to counsel for the Defendants that they were seeking this extension because they wanted to wait and see if the United States Supreme Court would grant certiorari in another case brought by one of the Plaintiffs, *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121 (2d Cir. 2010) (the "*Zyprexa*" litigation), because if the Court did not grant certiorari, the Plaintiffs would consider withdrawing their current suit making the need to prepare an opposition to the motion to dismiss unnecessary. Plaintiffs then ended up filing their opposition to the motion to dismiss (after seeking and receiving another extension) without any further communication to counsel for Defendants, despite the fact that they never ended up filing a petition

---

[1] For example, it is demanded that Defendants produce *ten years*' worth of documents, answer interrogatories, and provide testimony regarding every computer system in use over the last decade, the type and location of *each* computer, the operating system and application software used in each computer, the file saving and location saving conventions for each computer, all invoices relating to kit sales, ten years' worth of marketing and sales activities regarding the kits, all data analyses relating to the kits and those of competitors, all market research, sales force training and design of marketing materials for the kits, the date of *each* sales call and the identity of *each* document left at *each* sales call over a ten year period. The foregoing is just a *sample* of the avalanche of information demanded to be provided by document production, answer to interrogatory and deposition. Further, the requested discovery is both procedurally and substantively objectionable for various reasons under the Federal Rules of Civil Procedure, which objections will not be catalogued here.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Hon. Roanne L. Mann
July 18, 2011
Page 3

for certiorari in the *Zyprexa* litigation, as they had represented they were planning to do.  Finally, briefing is almost already complete on the motion to dismiss (Defendants' reply brief is due August 6, 2011).  If the motion is granted, then there would have been no necessity for putting Defendants to the severe burden of responding to plaintiffs' blunderbuss discovery.  And even if the motion is denied, at this early stage in the proceedings plaintiffs will have sufficient time to pursue the discovery which they have hitherto been in no hurry to conduct.

Discovery is especially unnecessary here because on a motion to dismiss all well-pleaded facts are assumed to be true.  *See, e.g., Ball v. C.O. Oden,* No. 09-0847, 2010 WL 598653, at *8 (M.D.Pa. Feb. 17, 2010).  Indeed, a plaintiff should first plead a sufficient claim prior to subjecting defendants to discovery, rather than conducting discovery in hopes of finding a claim.  "A defendant has the right, under [Rule 12(b)(6)] to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures." *Greene v. Emersons, Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y. 1980), *aff'd*, 736 F.2d 29 (2d Cir. 1984).  As the court noted in *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367-68 (11th Cir. 1997): "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins…. [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.  Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants… squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system."   This reasoning is even more compelling where, as here, plaintiffs were obligated to plead the RICO and fraud claims with particularity under Rule 9(b).  It would turn the rule on its head to permit plaintiffs to use discovery in order to satisfy their heightened pleading burden.  *See, e.g., Segal v. Gordon,* 467 F.2d 602, 607-08 (2d Cir. 1972) (fraud complaint is "to seek redress for a wrong, not to find one"); *Sanchez v. Triple-S Mgmt., Corp.,* 492 F.3d 1, 11 (1st Cir. 2007) (rejecting argument that plaintiff could not explain defendants' alleged scheme to defraud without discovery as "paradigmatically antithetical to Rule 9(b)'s requirement").

A stay is particularly appropriate here in light of the nature of the RICO claims being asserted.  Because of the extreme sanctions it imposes, RICO claims are closely scrutinized, and "courts should strive to flush out frivolous RICO allegations at an early stage in the litigation." *Tuscano v. Tuscano,* 403 F. Supp. 2d 214, 216 (E.D.N.Y. 2005).  Indeed, at least one court has held that whenever RICO claims are alleged, all discovery is stayed until defendants have an opportunity to move to dismiss those claims. *Major, Lindsey & Africa, LLC v. Mahn,* No. 10 Civ. 4239, 2010 WL 3959609, at 6 (S.D.N.Y. Sept. 7, 2010).  Further, it is apparent from the motion to dismiss that Defendants have a powerful statute of limitations defense.  The purpose of the statute of limitations is to protect defendants from "bearing the burden of defending against stale claims regardless of whether liability is established." *Strauss v. Credit Lyonnais, S.A.,* No. CV-06-0702, 2007 WL 2296832, at *8 n.21 (E.D.N.Y. Aug. 6, 2007).  The very purpose underlying the statute of limitations bar would be wholly undermined if plaintiffs were nevertheless free to subject Defendants to the massive discovery obligations their demands would impose.  This is especially so here, where the discovery sought has no bearing on determining the limitations bar, the limitations defense is based wholly on the face of the amended complaint and public filings, and the issue turns *not* on what *Defendants* knew or did, but rather on the *plaintiffs'* knowledge and inaction.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Hon. Roanne L. Mann
July 18, 2011
Page 4

      For these reasons, Defendants respectfully request a stay of plaintiffs' discovery -- which is enormously burdensome and most likely unnecessary -- pending determination of the outstanding motion to dismiss.

Respectfully submitted,

/s/  Michael Gardener


cc:    Hon. Raymond J. Dearie
       Michael A. London, Esq.
       James R. Duggan, Esq.
       Gregory Hach, Esq.
       Eric L. Young. Esq.
       Samuel Issacharoff, Esq.

5454416v.1