UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 456 HEALTH and
WELFARE TRUST FUND, et al.,

                               Plaintiffs,                                  MEMORANDUM
                                                                           AND ORDER

                      -against-

                                                                                   10-CV-1692 (RJD)

QUEST DIAGNOSTICS INC. and NICHOLS
INSTITUTE DIAGNOSTICS, et al.,

                               Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Currently pending before this Court is a motion to stay discovery filed by defendants Quest Diagnostics, Inc. ("Quest") and Nichols Institute Diagnostics ("NID") (jointly, "defendants"). See Motion to Stay Discovery (July 18, 2011) ("Motion to Stay"), ECF Docket Entry ("D.E.") #23. Plaintiffs International Brotherhood of Teamsters Local 456 Health and Welfare Trust Fund, et al. ("plaintiffs") oppose the motion. See Reply in Opposition to Defendants' Motion to Stay (July 23, 2011) ("Pl. Opp."), D.E. #25.

        On December 9, 2010, the Honorable Raymond J. Dearie held a pre-motion conference, see Minute Entry (Dec. 9, 2010), D.E. #16, regarding defendants' proposed motion to dismiss, which defendants thereafter filed on February 14, 2011. See Motion to Dismiss (Feb. 14, 2011), D.E. #23-2.[1] At that conference, Judge Dearie stated that the parties should engage in "some

---

[1] That motion is scheduled to be fully submitted on Monday. See Electronic Order Granting Motion for Extension (June 24, 2011).

-1-

modest discovery . . . ." Transcript of Pre-Motion Conference (Dec. 9, 2010) at 18, D.E. #25-1. Consequently, on February 10, 2011, plaintiffs served both defendants with deposition notices, interrogatories, and requests for production of documents. See Pl. Opp. at 2.

The parties subsequently extended the briefing schedule for the motion to dismiss, as well as the time to respond to discovery, see Pl. Opp. at 2, agreeing on a discovery reply deadline of July 8, 2011. See id; Emails from Plaintiffs to Defendants (Feb. 25, 2011 - March 1, 2011), D.E. #25-2; D.E. #25-3. Defendants did not respond to the discovery demands by the deadline, however, and, on July 15, 2011, plaintiffs sent defendants a letter advising them that they were in default and requesting a response by July 21, 2011. See Letter from Plaintiffs to Defendants (July 15, 2011), D.E. #25-5. In response, defendants asserted that they intended to seek a stay of discovery and inquired whether plaintiffs would consent. See Email from Defendants to Plaintiffs (July 15, 2011), D.E. #25-6. The following business day, without discussing the matter further with plaintiffs, defendants, in violation of Local Civil Rule 37.3,[2] moved to stay discovery pending resolution of their Motion to Dismiss. See Motion to Stay; Pl. Opp. at 2.

"The pendency of a dispositive motion is not, without more, grounds for an automatic stay." Thomas v. New York City Dept. of Educ., No. 09-CV-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010). "In addition to taking into account the nature and complexity of the particular case, courts consider the following factors in determining whether a stay is appropriate: '(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of

---

[2] That rule requires parties to "confer in good faith" "before seeking judicial resolution" of a discovery dispute. S.D.N.Y./E.D.N.Y. Local Civ. R. 37.3.

unfair prejudice to the party opposing the stay.'" Id. (quoting Rivera v. Inc. Vill. of Farmingdale, No. CV 06-2613(DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007)). "The party seeking the stay bears the burden of showing good cause." Id. at *2.

Plaintiffs claim that their requests are not burdensome, as many of the document requests can be satisfied by documents that defendants "likely have already produced . . . in connection with prior civil and criminal actions against them." Pl. Opp. at 4. As defendants note, the discovery requests also include four Rule 30(b)(6) deposition notices directed to each defendant. See Motion to Stay at 1. Plaintiffs represent, however, that they are "amenable to discussing their concerns and possibly limiting the scope of their requests should the occasion call for it" – information that defendants might have learned had they complied with their obligations under Local Civil Rule 37.3. Pl. Opp. at 2.

Defendants' Motion to Stay is thus premature and is denied without prejudice. The parties are directed to meet and confer regarding the requested discovery, as they should have done prior to defendants' requesting a stay; the parties shall attempt in good faith to reach agreement regarding what discovery plaintiffs consider a priority and what defendants will produce now versus what can be postponed until the Motion to Dismiss is decided. If the parties are unable to reach agreement, defendants may then renew their Motion to Stay.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2011

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE