UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 456 HEALTH AND
WELFARE TRUST FUND and UFCW LOCAL           MEMORANDUM
1776 AND PARTICIPATING EMPLOYERS            AND ORDER
HEALTH AND WELFARE FUND, on behalf
of themselves and all others similarly situated,     10-CV-1692 (RJD)

                            Plaintiffs,

      -against-

QUEST DIAGNOSTICS INCORPORATED and
NICHOLS INSTITUTE DIAGNOSTICS,

                            Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a motion to compel discovery filed by plaintiffs International Brotherhood of Teamsters Local 456 Health and Welfare Trust Fund *et al*. ("plaintiffs"). See Motion to Compel (Aug. 25, 2011) ("Pl. Mot."), ECF Docket Entry ("D.E.") #35. Defendants Quest Diagnostics Incorporated ("Quest") and Nichols Institute Diagnostics ("Nichols") (collectively, "defendants") oppose the motion, offering to produce limited categories of documents and otherwise requesting that discovery be stayed pending the resolution of defendants' motion to dismiss. See Defendants' Opposition to Motion to Compel (Aug. 29, 2011) ("Def. Opp."), D.E. #37.

       For the reasons that follow, the Court grants in part and denies in part plaintiffs' motion to compel, and orders a stay of all other discovery until the pending motion to dismiss is resolved.

## BACKGROUND

In this class action, plaintiffs allege that defendants engaged in deceptive and fraudulent conduct relating to the marketing and promotion of certain medical testing kits, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various state laws. See First Amended Complaint, D.E. #3.

On December 9, 2010, the Honorable Raymond J. Dearie held a pre-motion conference regarding defendants' proposed motion to dismiss the First Amended Complaint. See Minute Entry (Dec. 9, 2010), D.E. #16. At that conference, Judge Dearie stated that, although the parties should engage in "some modest discovery," "for the most part," the pleadings should (first) be "dealt with." See Transcript of Pre-Motion Conference (Dec. 9, 2010) ("Tr.") at 18, D.E. #37-4. In accordance with Judge Dearie's comments at the pre-motion conference, plaintiffs served defendants with discovery requests on February 10, 2011. See Plaintiffs' First Request for Production of Documents (the "Request"), D.E. #35-2; Plaintiffs' Interrogatories, D.E. #35-3.

Thereafter, on February 14, 2011, defendants served their motion to dismiss, which, pursuant to a referral order docketed on August 25, 2011, is currently pending before the undersigned magistrate judge. See Notice of Motion to Dismiss, D.E. #17, #29; Order (Aug. 24, 2011), D.E. #34. In that motion, defendants seek to dismiss, *inter alia*, all claims against Quest, Nichols' parent company. See generally Memorandum in Support of Defendants' Motion to Dismiss and Motion to Strike ("Def. Mem."), D.E. #30. In particular, defendants argue that plaintiffs failed to allege any unlawful conduct on the part of Quest. Id. at 1-4. Following service of defendants' motion to dismiss, the parties agreed to stay discovery, but

only until July 8, 2011, to allow plaintiffs additional time to respond to defendants' dispositive motion. See Reply in Opposition to Defendants' Motion to Stay (July 22, 2011) ("Pl. Reply") at 2, D.E. #25.

On July 15, 2011, plaintiffs notified defendants that the deadline for discovery responses had passed and they demanded responses by July 21, 2011. See id. Defendants then moved to stay discovery pending resolution of the motion to dismiss. See Motion to Stay Discovery (July 18, 2011), D.E. #23. Because defendants filed their motion to stay without first conferring with plaintiffs, this Court denied the motion without prejudice and authorized defendants to renew their motion to stay in the event the parties could not reach agreement on "what discovery plaintiffs consider a priority and what defendants will produce now versus what can be postponed until the Motion to Dismiss is decided." Memorandum and Order (Aug. 5, 2011) at 3, D.E. #27.

The parties conferred as to plaintiffs' discovery demands but could not reach agreement. See Pl. Mot. at 1. Accordingly, plaintiffs filed the instant motion to compel.[1]

### DISCUSSION

The Request that plaintiffs initially served on defendants demands 22 categories of documents. See Pl. Mot. at Ex. B. Plaintiffs now ask the Court to compel defendants to

---

[1] When discovery discussions between the parties proved unproductive, defendants informed plaintiffs that they would renew their motion to stay, as contemplated by this Court's August 5, 2011 Memorandum and Order. See Def. Opp. at Ex. 3. Later that day, plaintiffs filed the instant motion to compel, before defendants could renew their motion to stay. See Def. Opp. at 1. Defendants' opposition to the motion to compel does, however, ask that the Court stay all discovery other than that agreed to by defendants. Id. at 2, 3.

produce documents responsive to 19 of those categories, seven of which plaintiffs further propose to limit to Quest only. See Letter from Frank R. Schirripa to Michael S. Gardner (Aug. 17, 2011), attached as Ex. A to Pl. Mot. Plaintiffs contend that production of this "truncated, limited and focused discovery" will not be unduly burdensome for defendants. See Pl. Mot. at 3.

Contrary to plaintiffs' suggestion, their proposed modifications to their Request would not result in "limited" discovery.[2] For instance, plaintiffs demand every single document produced by defendants in connection with all governmental investigations into the medical testing kits at issue in this case. See Request No. 4. In particular, plaintiffs seek all documents produced by defendants in response to "the civil and criminal inquiries of the federal government" concerning the medical testing kits. See Pl. Mot. at 3. According to defendants, the documents produced to the government span 4.3 million pages and include materials irrelevant to plaintiffs' claims; production of those documents to plaintiffs would, among other things, require an onerous procedure to redact individual personal health information. See Def. Opp. at 2.

Measured against the issues posed in the motion to dismiss, plaintiffs' other demands

---

[2] Similarly unpersuasive is plaintiffs' characterization of defendants' conduct with respect to discovery. In their motion to compel, plaintiffs assert that their discovery demands were "served on Defendants over six months ago"; that defendants' responses are "long overdue"; and that plaintiffs are entitled to responses "without further evasiveness." Pl. Mot. at 2, 3. Although the discovery demands were served more than six months ago, plaintiffs desired an additional 120 days to respond to defendants' motion to dismiss and, in return, the parties agreed to extend the deadline for defendants' discovery responses until July 8, 2011. See Def. Opp. at 3. Shortly after plaintiffs renewed their discovery demands in July, defendants moved to stay discovery. Pl. Reply at 2. Defendants' conduct can hardly be considered "evasive."

are similarly overly broad and burdensome. See, e.g., Request No. 1 (seeking all databases and spreadsheets relating to communications concerning the test kits); Request No. 2 (seeking all call notes regarding communications between defendants' sales marketing personnel and various third parties regarding the kits).

In response to plaintiff's proposed "limited" discovery requests, defendants have offered to produce three categories of documents: (1) documents relating to the corporate relationship between Quest and Nichols; (2) non-privileged documents in the government production relating to the involvement of third parties in the manufacture, marketing or sale of the kits; and (iii) those non-privileged documents in the government production that relate to any involvement by Quest in the manufacture, marketing or sale of the kits. See Def. Opp. at 2.

Plaintiffs complain that defendants' proposed categories take an unduly narrow view of the issues raised by defendants' motion to dismiss. Pl. Mot. at 1-2. To be sure, the motion to dismiss is addressed to most of the claims. Nevertheless, to conclude that plaintiffs are therefore entitled to all discovery related to nearly all of their claims — while a motion to dismiss is pending – flies in the face of Judge Dearie's sensible suggestion that the parties engage in "modest discovery." Indeed, at the same conference, Judge Dearie emphasized the need to focus on the issues as set forth in the pleading. Tr. at 15 ("[L]et's get down to the nitty-gritty of trying to decide it on the basis of a pleading."). As plaintiffs have acknowledged, the central issues discussed at the pre-motion conference concerned defendants' "statute of limitations defenses and Quest's liability" for the marketing, sale and manufacturing of the Nichols medical test kits. See Pl. Reply at 3. Defendants have agreed to produce

documents on those issues.

This Court concludes that defendants' proposed categories of documents are appropriately targeted to the core issues presented on the motion to dismiss and are consistent with the spirit of the "modest discovery" contemplated by Judge Dearie. Accordingly, the Court grants in limited part plaintiffs' motion to compel and orders defendants to produce the following documents to plaintiffs no later than October 17, 2011: (1) documents relating to the corporate relationship between Quest and Nichols; (2) non-privileged documents in the government production relating to the involvement of third parties in the manufacture, marketing or sale of the kits; and (iii) those non-privileged documents in the government production that relate to any involvement by Quest in the manufacture, marketing or sale of the kits.

Regarding all other discovery, a limited stay is appropriate until the motion to dismiss is resolved. Courts have discretion to stay discovery while a dispositive motion is pending. See Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (district court's stay of discovery pending motion to dismiss not abuse of discretion). Although such stays are not automatic, they may be granted where good cause is shown. See Thomas v. New York City Dep't of Educ., 09-CV-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010), adopted, 2011 WL 1225972 at *21 (E.D.N.Y. Mar. 29, 2011). In considering whether good cause has been demonstrated, courts look to the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id. (citation omitted). Courts may also consider the nature and

complexity of the action. See Telesca v. Long Island Housing P'ship, 05-CV-5509, 2006 WL 1120636, at *1-2 (E.D.N.Y. Apr. 27, 2006) (complexity of case and substantial cost of discovery weighed in favor of stay pending outcome of motion to dismiss).

In this case, defendants have made a strong showing that many of plaintiffs' claims will not survive the motion to dismiss. In particular, most of plaintiffs' claims appear to suffer from serious statute of limitation issues, and defendants have mounted a substantial attack on the sufficiency of the allegations against Quest. If defendants succeed on these challenges, discovery will be greatly circumscribed, particularly on the issue of damages. See Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115-16 (E.D.N.Y. 2006) (staying discovery pending motion to dismiss where substantial issues had been raised regarding the viability of various claims, and the dismissal of some claims and/or some defendants would significantly reduce discovery).

The breadth of discovery already propounded on defendants likewise weighs in favor of a stay of discovery in this case. Without engaging in a request-by-request discussion of each of plaintiffs' discovery demands, the Court notes that plaintiffs' requests thus far are wide-reaching and burdensome. Furthermore, although plaintiffs, in opposing defendants' prior motion to stay, recognized that prejudice to the opposing party is a relevant consideration in analyzing a stay request, plaintiffs have identified no prejudice that they would suffer if discovery were stayed. See generally Pl. Reply. In fact, plaintiffs previously agreed to a lengthy stay of discovery. Finally, the motion to dismiss has been fully submitted and is currently under active consideration by the undersigned magistrate judge; thus, a stay of discovery pending the determination of that motion will not result in undue delay. See Josie-

Delerme v. Am. Gen. Fin. Corp., 08-CV-3166, 2009 WL 497609, at * 2 (E.D.N.Y. Feb. 26, 2009) (granting stay of discovery where doing so would not "unduly delay" the outcome of the case).

Therefore, the Court deems it appropriate to stay all other discovery (including depositions and interrogatories, see Pl. Mot. Ex. C) pending the resolution of defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part plaintiffs' Motion to Compel, ordering production of the limited categories of documents discussed above, and otherwise staying discovery pending the resolution of defendants' motion to dismiss.

The parties are further directed to appear before the undersigned magistrate judge for oral argument on the pending motion to dismiss on November 2, 2011, at 10:00 a.m., in Courtroom 13C-South.

Any objections to the rulings must be filed with the Honorable Raymond J. Dearie on or before **October 21, 2011**. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Memorandum and Order into the ECF system.

        **SO ORDERED.**

**Dated:**        Brooklyn, New York
                October 4, 2011

                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**