UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 456 HEALTH AND
WELFARE TRUST FUND and UFCW LOCAL
1776 AND PARTICIPATING EMPLOYERS
HEALTH AND WELFARE FUND, on behalf
of themselves and all others similarly situated,

                                       **Plaintiffs,**

                  -against-

**QUEST DIAGNOSTICS INCORPORATED**
and **NICHOLS INSTITUTE DIAGNOSTICS,**

                                       **Defendants.**
----------------------------------------------------------------x

MEMORANDUM
AND ORDER

10-CV-1692 (RJD)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion to dismiss by defendants Quest Diagnostics Incorporated and Nichols Institute Diagnostics (collectively, "defendants"). On November 2, 2011, following oral argument on the motion, the Court encouraged the parties to hold meaningful settlement discussions and directed that they submit a joint status report by November 16, 2011. See Minute Entry (Nov. 2, 2011), Electronic Case Filing Document Entry ("D.E.") #41.

      The parties, however, could not agree on the content of the joint status report and, thus, filed separate status reports. See Plaintiffs' Status Report (Nov. 16, 2011) ("Pl. Letter"), D.E. #46; Defendants' Status Report (Nov. 16, 2011) ("Def. Letter"), D.E. #47. In their report, plaintiffs requested that the Court assign a special master to oversee settlement negotiations, which, according to plaintiffs, require further discovery. See Pl. Letter at 3. Defendants object to the appointment of a special master, arguing that plaintiffs' proposal will result in "a

long, drawn-out process encompassing even further extensive discovery, notwithstanding . . . the fact that this motion [to dismiss] is now ripe for decision." Def. Letter at 3.

It is clear from the divergent status reports that the parties' positions are too far apart at this time for fruitful settlement discussions to take place. The Court therefore declines to refer the matter to a special master at this juncture, while defendants' motion to dismiss is pending. Nevertheless, the Court disagrees with defendants that that motion is "ripe for" disposition. Def. Letter at 3. Rather, there are various legal issues that either were not addressed in the parties' motion papers and/or were addressed in a perfunctory manner. Therefore, as more detailed below, the Court directs that the parties submit additional briefing.

## CLARIFICATION OF PLEADING

As a preliminary matter, plaintiffs clarified at oral argument that the named plaintiffs, who are third-party payors, are suing on behalf of a class of third-party payors, and, despite contrary language in the Amended Complaint, do not purport to represent laboratories and other direct purchasers of the test kits at issue in this case. The parties are directed to confer in an effort to reach agreement on a stipulation to amend the pleading to the limited extent of clarifying the nature of the class that plaintiffs purport to represent.

## ADDITIONAL BRIEFING

**I. Choice of Law**

Plaintiffs have identified four potential bodies of state law applicable to this motion – that of New York, Pennsylvania, California and New Jersey. See Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss at 16, D.E. #33. The parties are directed to confer in good faith in an effort to reach agreement as to the law of which state (or states)

governs the state claims of the named plaintiffs.[1] If the parties are not able to reach agreement as to the applicable state law, then the parties' supplemental briefing must address the choice-of-law issue and must analyze the law of all four states.

## II. Statute of Limitations

In connection with each cause of action under state law (i.e., for violations of consumer protection statutes, as well as common law claims for fraud, breach of warranty, and unjust enrichment), and for each agreed-upon state or, in the absence of agreement, for each of the aforesaid four states, the parties must brief all issues concerning the accrual, running and tolling of the applicable statute of limitations.

## III. Consumer Protection Statutes

With respect to plaintiffs' claims for violation of state consumer protection laws, the parties must brief the applicability of that state statute to indirect purchasers of the allegedly fraudulent test kits.[2]

## IV. Common Law Fraud Claims

With respect to the common law fraud claims, the parties must brief the sufficiency of the Amended Complaint with respect to the element of reliance, including whether indirect reliance is sufficient to state a claim for common law fraud and what level of particularity is

---

[1] For example, defendants, in their reply, suggest that, for the consumer protection statute claim, New York and Pennsylvania – plaintiffs' resident states – are the only relevant state laws. See Defendants' Reply Memorandum in Support of Their Motion to Dismiss at 8, D.E. #32.

[2] For purposes of this motion only, the parties should assume that the third-party payor plaintiffs reimbursed laboratories for the cost of the test kits.

required under Rule 9(b) of the Federal Rules of Civil Procedure.

## V. Breach of Warranty Claims

With respect to the claims for breach of express and implied warranties, the parties must brief whether plaintiffs, as third-party payors, have sufficiently alleged such causes of action.

## VI. Unjust Enrichment

With respect to plaintiffs' claims for unjust enrichment, the parties must brief whether such a cause of action for unjust enrichment is cognizable under state law and what effect, if any, indirect reliance or remoteness has on unjust enrichment claims in the context of a motion to dismiss.

## CONCLUSION

The parties are directed to submit supplemental briefs by December 6, 2011 and rebuttal briefs by December 13, 2011.

      **SO ORDERED.**

**Dated:**    Brooklyn, New York
            November 18, 2011

                                          /s/
                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**